UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| DARRYL HENDERSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| v. | : | |
| | : | |
| CITY OF GRANTVILLE, GEORGIA, | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |
| | : | |

## COMPLAINT

Plaintiff DARRYL HENDERSON files this action asserting a claim against

Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA")

for unpaid wages and for retaliation resulting from his complaint about unpaid

minimum wages, on the grounds set forth below:

1.

Darryl Henderson ("Plaintiff") is a citizen who resides within the Northern

District of Georgia.

2.

Defendant City of Grantville is a municipal corporation under the laws of

the State of Georgia.  It may be served with process through its City Manager,

Johnny Williams, City Hall, 123 LaGrange Street, Grantville, Georgia 30220.

3.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 29 U.S.C. §216(b).

4.

Venue is proper in this judicial district.

5.

Plaintiff was an employee of the City of Grantville within the meaning of the FLSA.  The City of Grantville is an employer covered under the Act.

6.

Plaintiff began working for the City of Grantville Police Department as a part-time police officer in January of 2011.

7.

Plaintiff was a non-exempt employee under the FLSA.

8.

Plaintiff worked regularly for the City in the position for which he was hired.

9.

On or about December 17-18, 2012, Plaintiff's superior, Corporal Bulcher, altered Plaintiff's time card, reducing it by 14 hours.

10.

As a result of Bulcher's actions, Plaintiff was denied his wages, including minimum wage for the hours he worked on December 17, 2012.

11.

After receiving his pay check, on or after December 21, 2012, Plaintiff complained to the Chief of Police, Doug Jordan that he was denied his wages in violation of the law.

12.

After the Chief refused to rectify the illegal alteration of his time, Plaintiff filed a complaint with the City Manager, alleging that his wages were illegally withheld as a result of Mr. Bulcher's actions.

13.

The City did not resolve Plaintiff's complaint.

14.

Plaintiff contacted the U.S. Department of Labor, Wage and Hour Division, on or about December 27, 2012 – January 2, 2013 to lodge a formal complaint against the City of Grantville and Police Chief Jordan.

15.

Upon information and belief an investigator with the U.S. Department of Labor contacted Police Chief Jordan to inform him of Plaintiff's complaint.

16.

On or about January 7, 2013, Jordan, acting in his capacity as the Chief of Police for the City of Grantville, removed Plaintiff from the police department work schedule and has since refused to schedule Plaintiff for work, resulting in his constructive termination from employment.

17.

Jordan is the Department Head and has the authority to hire, fire, and to assign duties to employees of the City of Grantville Police Department.

18.

Defendants City of Grantville and Doug Jordan violated Plaintiff's rights under the FLSA by refusing and failing to pay him minimum wages under the Act.

-4-

19.

Defendant City of Grantville and Doug Jordan violated the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3), by terminating him from employment as a result of his complaints about unpaid wages.

20.

Defendant's actions resulted directly in financial harm to Plaintiff, including lost wages, liquidated damages, mental and emotional distress, costs, and attorney's fees.

**WHEREFORE**, Plaintiff prays that this Court find the Defendants violated the FLSA and award the following relief:

(a)    Award Plaintiff his lost wages and compensatory damages for her mental and emotional distress;

(b)    Award liquidated damages in an amount equal to Plaintiff's lost wages;

(c)    Award prejudgment interest on all lost wages;

(d)    Issue a declaratory judgment that Defendants violated Plaintiff's rights under the FLSA;

-5-

(e)    An award of all legal and equitable damages and remedies available under the law to effectuate the purposes of the Act, without limitation;

(f)    A permanent injunction reinstating Plaintiff to her previous position with full benefits, rights and tenure and prohibiting any further acts of discrimination or retaliation against her;

(g)    An award of attorneys' fees and costs;

(h)    A trial by jury on all issues so triable; and

(i)    Such other and further relief this Court deems just, equitable and proper.


Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com

PARKS CHESIN & WALBERT, PC
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309-3604
Telephone: (404) 873-8000
Facsimile: (404) 873-8050