## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by Darryl Henderson ("Henderson") on the one hand, and City of Grantville, Georgia ("Grantville") on the other hand, as of the date of the last of the Parties' signatures, below.

WHEREAS, Henderson filed a lawsuit against Grantville in the United States District Court for the Northern District of Georgia, Atlanta Division, alleging violations of the Fair Labor Standards Act styled *Darryl Henderson v. City of Grantville, Georgia*, Case No. 3:13-cv-87-TCB (the "Civil Action"); and

WHEREAS, Henderson's Complaint raises two separate claims:  a wage claim and a retaliation claim; and

WHEREAS, Grantville answered the Complaint denying Henderson's allegations and asserting various affirmative defenses; and

WHEREAS, the Parties have material disputes over significant FLSA issues and desire to partially compromise their dispute over Henderson's claim that he was unlawfully denied wages; and

WHEREAS, on March 26, 2014, by order of the Court, the Parties reached a compromise as to Henderson's claim for back wages; and

WHEREAS, the Parties have now reached an agreement between them as to the resolution of Henderson's remaining retaliation claim; and

WHEREAS, this Agreement shall not be deemed an admission by Grantville that it acted contrary to the law or violated the rights of Henderson or any other person at any time.

In consideration of the payments and the mutual promises described below, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Payment.  In consideration for signing the Agreement and complying with its terms, Grantville shall pay to Henderson the amount of $21,250. The payment shall be made within fifteen (15) days after Court approval of this final settlement of the Civil Action and this Agreement.

Henderson acknowledges that some or all of the proceeds from this settlement constitutes taxable income and that he is solely responsible for ensuring compliance with all applicable laws, rules and regulations.

2.    Social Security Administration Disability / Accommodation forms.  Grantville further agrees that it shall cause the Police Chief, or his designee, to complete any forms necessary to inform the Social Security Administration of the duties and responsibilities assigned to Henderson on account of his pre-existing physical disability (i.e., his double-hip replacement).

This includes noting that he was assigned non-arrest duties to reduce the amount of physical work he would perform.  Henderson shall provide all necessary forms to Grantville for this purpose.

3.   <u>Attorney's Fees</u>.  The Parties agree that the amount of attorney's fees and costs owed to Henderson as a result of this final settlement will be left to the Court's determination. Henderson shall file a petition for fees in accordance with Federal Rule 54(d)(2)(B), and Local Rule 54.2.

4.   <u>Separation from Employment</u>.  Henderson understands and acknowledges that his employment relationship with Grantville has ended and that he is not eligible for re-hire.

5.   <u>Release</u>.  Henderson, for himself, his successors, and assigns, now and forever unconditionally releases and discharges Grantville and its officers and employees (hereinafter collectively referred to as "Releasees") from any and all claims for wages or other damages relating to his former employment Grantville.  This includes any claims raised or which could have been raised in the Civil Action.  Only Henderson's claim for attorney's fees and costs relating to this agreement and the March 26, 2014 settlement remain for the Court's determination.

6.   <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties as to the subject matter hereof.  The Parties hereby acknowledge and agree that there have been no offers or inducements which have led to the execution of this Agreement other than as stated herein.

7.   <u>Joint Motion to Approve Settlement and Stipulation for Voluntary Dismissal with Prejudice</u>.  This Settlement Agreement, including Grantville's payment obligation is conditioned upon Henderson executing and not revoking this Agreement and upon the review and approval of the Court in the Civil Action. Grantville shall not be obligated to make the payments set forth in Paragraph 1 until the Court has entered an order approving the Settlement of the Action in all regards and providing that it be dismissed with prejudice upon such approval.

8.   <u>Modification.</u>   The Parties further acknowledge, understand, and agree that this Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal or equitable remedy with respect to it be waived, except in writing signed by both parties. The Parties further agree to execute any other agreement, consent, release, waiver, or other document or form determined to be necessary to enforce or give effect to the intent of this Agreement or any provision hereof.

This _____ day of October, 2014.

_____
Darryl Henderson

_____
CITY OF GRANTVILLE, GEORGIA

This includes noting that he was assigned non-arrest duties to reduce the amount of physical work he would perform. Henderson shall provide all necessary forms to Grantville for this purpose.

3.      Attorney's Fees. The Parties agree that the amount of attorney's fees and costs owed to Henderson as a result of this final settlement will be left to the Court's determination. Henderson shall file a petition for fees in accordance with Federal Rule 54(d)(2)(B), and Local Rule 54.2.

4.      Separation from Employment. Henderson understands and acknowledges that his employment relationship with Grantville has ended and that he is not eligible for re-hire.

5.      Release. Henderson, for himself, his successors, and assigns, now and forever unconditionally releases and discharges Grantville and its officers and employees (hereinafter collectively referred to as "Releasees") from any and all claims for wages or other damages relating to his former employment Grantville. This includes any claims raised or which could have been raised in the Civil Action. Only Henderson's claim for attorney's fees and costs relating to this agreement and the March 26, 2014 settlement remain for the Court's determination.

6.      Entire Agreement. This Agreement contains the entire agreement between the Parties as to the subject matter hereof. The Parties hereby acknowledge and agree that there have been no offers or inducements which have led to the execution of this Agreement other than as stated herein.

7.      Joint Motion to Approve Settlement and Stipulation for Voluntary Dismissal with Prejudice. This Settlement Agreement, including Grantville's payment obligation is conditioned upon Henderson executing and not revoking this Agreement and upon the review and approval of the Court in the Civil Action. Grantville shall not be obligated to make the payments set forth in Paragraph 1 until the Court has entered an order approving the Settlement of the Action in all regards and providing that it be dismissed with prejudice upon such approval.

8       Modification.   The Parties further acknowledge, understand, and agree that this Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal or equitable remedy with respect to it be waived, except in writing signed by both parties. The Parties further agree to execute any other agreement, consent, release, waiver, or other document or form determined to be necessary to enforce or give effect to the intent of this Agreement or any provision hereof.

This ___15th___ day of November, 2014.


_____          _____
Darryl Henderson                   CITY OF GRANTVILLE, GEORGIA