IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DARRYL HENDERSON,<br><br>    Henderson,<br><br>v.<br><br>CITY OF GRANTVILLE, GEORGIA,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NUMBER 3:13-cv-87-TCB |

**O R D E R**

This case comes before the Court on Plaintiff Darryl Henderson's motion for attorney's fees and costs [54]. Defendant has not filed a response and the motion is therefore deemed unopposed. *See* LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").[1] Henderson seeks an award of attorney's fees in the amount of $54,600 and costs in the amount of $985.26.

---

[1] The parties stipulated in previously approved settlement agreements that Henderson would be permitted to seek fees associated with this action. The agreements, however, did not address the amount of fees to which he would be entitled. Defendant has provided no response challenging the amount or reasonableness of the fees now sought by Henderson's counsel.

## I. Background

On May 23, 2013, Henderson filed this action against the City of Grantivlle, alleging a failure to pay wages due, and for retaliatory dismissal as a result of his complaints about the non-payment of wages, all in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215. On March 26 and November 13, 2014, the Court approved the parties' agreements settling the case [29, 53]. As a result, Henderson is deemed the prevailing party and is entitled to an award of reasonable fees and costs pursuant to 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). A fee award under the statute is therefore mandatory. But the Court does exercise discretion in determining the proper amount of fees. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542-43 (11th Cir. 1985).

At the outset, Henderson's counsel argues that he is entitled to a fully compensatory fee based on having achieved a judgment equal to the maximum recovery allowed under the law, his experience and

reputation, the contingent nature of his fees, the time and labor expended, and customary fees paid or awarded for similar work. The Court agrees.

## II. Legal Standard

It is undisputed that Henderson is the prevailing party in this action, and that he is entitled to "reasonable" fees under 29 U.S.C. § 216(b). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433); *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). The product of these two numbers is commonly referred to as the "lodestar." *Id.*; *Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546, 563 (1986).

### A. Reasonable Hours

In determining a reasonable number of hours, the Court must determine whether the fee applicant exercised "billing judgment." *Hensley*, 461 U.S. at 434. Thus, "[c]ounsel for the prevailing party

should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id.* Further, the fee applicant must "maintain[] records to show the time spent on the different claims, and set[] out with sufficient particularity the general subject matter of the time expenditures so that the district court can assess the time claimed for each activity." *Laube v. Allen*, 506 F. Supp. 2d 969, 976 (M.D. Ala. 2007) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)).

Henderson's counsel has submitted a declaration and supporting time records setting out the number of hours he spent on this case and attesting that the hours expended were reasonably necessary. The Court has reviewed his time entries and is satisfied that the records, reflecting 136.5 hours of work, do not reflect any excessive billing, redundant entries, or unwarranted time spent on superfluous tasks.

**B.   Reasonable Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at

781; *Norman*, 836 F.2d at 1299. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . [and] must speak to rates actually billed and paid in similar lawsuits." *Id.* In arriving at a proper rate, the Court may take account of certain factors to tailor the amount to the particular case, such as the time and labor required; the novelty and the difficulty of the questions; the skill requisite to perform the legal service properly; the attorney's inability to accept other employment because he accepted the case; the customary fee for similar work in the community; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; the nature and length of the professional relationship with the client; and awards in similar cases. *Id.* (referring to the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

    Counsel's declaration and supporting documentation make clear that his hourly rate is comparable to fees awarded to attorneys in the

Atlanta area who possess similar skill and experience.[2] He also submits evidence of awards made by this Court at similar rates and under similar circumstances.[3] In addition to his own declaration, counsel also relies on the opinion of Larry A. Pankey, who attests that the hourly rate sought is fair, reasonable and consistent with market rates.[4] Mr. Pankey states, "[m]y review of the itemized statement of [Henderson's counsel's] time and expenses incurred in this case revealed that his work is adequately detailed and fairly describes the services rendered to [Henderson]. The entries reflect conscientious and diligent

---

[2] Counsel's hourly rate is $400. He has submitted detailed public information regarding applicable attorney billing rates, establishing that attorneys practicing in this area of law, in the Atlanta area, and of similar education and experience charge a similar rate.

[3] *See Doug Carl v. Fulton County, et al.*, No. 1:07-cv-1812-AJB (N.D. Ga. Mar. 31, 2013) (Title VII race discrimination case, in which Magistrate Judge Alan Baverman awarded $450,000 in fees based, in part, on Henderson's counsel's $400 hourly rate); *Obester v. Lucas Assocs., Inc.*, 1:08-cv-03491-AT (N.D. Ga. June 10, 2011) (Title VII action in which District Judge Amy Totenberg awarded Henderson's counsel fees at his then-rate of $325 per hour).

[4] Mr. Pankey earned his law degree from Boston University School of Law in 1992, has practiced for over twenty years in Georgia in the area of employment and civil rights litigation, worked as an Adjunct Professor of Law at John Marshall Law School from 1997 to 2002, and has litigated over five hundred employment civil rights cases.

representation, even in the absence of contemporaneous payment, to give the client the best chance of winning."

Finally, Henderson has provided a detailed, itemized ledger of the costs associated with this case, including the filing fee, deposition transcript costs, copies, and minimal postage costs. These costs total $985.26 and will be awarded.

### III.  Conclusion

Finding Plaintiff counsel's fees and costs to be reasonable, they will be granted by the Court. Henderson's motion [54] is granted and counsel is awarded attorney's fees and costs in the total amount of $55,585.26.

IT IS SO ORDERED this 23rd day of January, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge